UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOSEPH B. GLICK, individually,
and as representative of a Class of
Participants and Beneficiaries
of the ThedaCare Retirement and
403(b) Savings Plan,

      Plaintiff,                                  Case No. 1:20-cv-1236-WCG

   v.

THEDACARE, INC., *et al.,*

      Defendants

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

On August 25, 2022, this Court issued a Decision and Order on Defendants' Motion to Dismiss the Amended Complaint. ECF No. 33. In response to the parties' briefing the impact of the U.S. Supreme Court decision in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2002), (ECF Nos. 28-29), and after considering recent supplementary authority from the Sixth Circuit in the form of *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022) (ECF No. 32), this Court partially denied the motion to dismiss, finding that Plaintiff had plausibly alleged his of breach of the duty of prudence claims based on recordkeeping, share class, high-cost funds/stable value funds, managed account services, and the duty to monitor. ECF No. 33, at 17. The Court dismissed the Plaintiff's breach of fiduciary duty claim regarding Defendants' failure to properly disclose revenue sharing information to participants and breach of the duty of loyalty claims. *Id*.

Defendants now seek a second bite at the apple based on the Seventh Circuit's recent decision in *Albert v. Oshkosh Corp.*, 47 F.4th 570, 2022 WL 3714638 (7th Cir. 2022), which came down after the motion to dismiss determination in this case. Unfortunately for Defendants, the law of this Circuit does not permit motions for reconsideration just because a new case was issued since the motion to dismiss determination. Of course, if such challenges to motions to dismiss were allowed every time a new case came down favoring one side or the other, there would be no finality and the pleading stage of the case would continue on well into the discovery phase.

In any event, Defendants wrongly state the legal standard for a motion for reconsideration under Federal Rule of Civil Procedure 54(b) and the law of the case

doctrine as an "intervening change in authority" ECF No. 37, at 6.[1] However, and as this Court itself has recently noted when reviewing a motion for reconsideration: "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *See Tom v. Generac Power Systems, Inc.*, Case No. 17-C-1413, ECF No. 58, Order Denying Motion for Reconsideration, at 1-2 (E.D. Wis. Nov. 19, 2018) (per Griesbach, J.) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

While "[a] court has the power to revisit prior decisions of its own," courts

---

[1] There is a parallel doctrine under the "law of the case" doctrine, which gives this Court authority "to reconsider a previous ruling in the same litigation if there is a compelling reason, such as *a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.*" *See Delgado v. United States*, 2022 WL 4291392, at *1 (S.D. Ill. Sept. 16, 2022) (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006)) (emphasis added). However, this doctrine does not supply another basis on which to grant a motion for reconsideration, as Defendants suggest, (ECF No. 40, at 6), but is consistent with the general Rule 54(b) standard that such a motion should only be granted "to correct manifest errors of law." Defendants' arguments under the law of the case doctrine, therefore, fail for the same reasons that they fail under the "manifest error of law" standard under Rule 54(b). Nor do *Bishop v. Bosquez*, 2018 WL 10550314, at *1 (E.D. Wis. Sept. 7, 2018), *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009), *Highway J Citizens Grp., U.A. v. U.S. Dep't of Transp.*, 656 F. Supp. 2d 868, 881-82 (E.D. Wis. 2009), or *Doster Lighting, Inc. v. E-Conolight, LLC*, 2015 WL 3776491, at *1 (E.D. Wis. June 17, 2015), hold otherwise. Those cases require a correction of a manifest error of law too, not just the presence of "new controlling law," as Defendants erroneously contend. ECF No. 40, at 6.

"should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *See Knowlton v. City of Wauwatosa*, 2022 WL 4009017, at *2 (E.D. Wis. Sept. 2, 2022) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

Under the appropriate motion for reconsideration standard, Defendants have simply not met this extremely high burden. First, the decision in *Oshkosh* makes the Court's initial motion to dismiss determination neither "clearly erroneous" under the law of the case doctrine, nor does it require this Court "to correct manifest errors of law" under Rule 54(b). *See Rothwell Cotton*, 827 F.2d at 252. Indeed, the Seventh Circuit in *Oshkosh* made clear, and Defendants concede (ECF No. 40, at 6), that the law remained the same with regard to the pleading standards in ERISA fee cases, such as this one, both before and after its decision. *See Oshkosh Corp.*, 2022 WL 3714638, at *6 ("Although the district court repeatedly cited *Divane* in its discussion of Albert's recordkeeping claim, we affirm the dismissal of Count I. That claim fails under our precedent that *Hughes* left untouched.").

Indeed, and in accord with the idea that the relevant law is the same and there has been no manifest errors of law or fact, Defense counsel for Oshkosh, the same counsel as in this case, even maintained that "*Hughes* 'did not radically reinvent this area of law or upend years of precedent'." *Id.*, at *2. Moreover, the decision in *Oshkosh* does not amount to either "manifest errors of fact" or amount to there being newly-

4

discovered evidence. Indeed, recognizing this fact, Defendants do not even make such unsupported assertions in their reconsideration memorandum of law.

Additionally, and unlike *Oshkosh*, this case has claims not even present there, including claims involving managed account services and stable value funds. Although Defendants maintain that these claims should be treated the same as the other claims decided by the Seventh Circuit, (ECF No. 40, at 8), the fact of the matter is those claims meet the standard set forth in *Oshkosh*. In short, *Oshkosh* does not lead to a different outcome for the managed account or stable value claims.

Thus, because Defendants cannot meet the extremely high legal standard that applies to motions for reconsideration under Rule 54(b) and the law of the case doctrine, the Court should deny Defendants' motion for reconsideration. In the alternative, if the Court determines to grant the motion for reconsideration and Defendants' motion to dismiss, Plaintiff asks leave to submit a Second Amended Complaint which would provide the needed, additional allegations that can be readily provided by Plaintiff, as shown by the other complaints filed with this Court in substantially similar cases since the decision in *Oshkosh*. *See Guyes v. Nestle USA Inc. et al.*, Case No. 1:20-cv-01560-WCG, Second Amended Complaint, ECF No. 32-1 (E.D. Wis. August 31, 2022); *Cotter v. Matthews Int'l Corp.*, Case No. 1:20-cv-01054, Second Amended Complaint, ECF No. 41 (E.D. Wis. Aug. 31, 2022).[2]

---

[2] Defendants maintain that Plaintiff has waived her right to amend the Complaint if the reconsideration motion is granted. ECF No. 40, at 15-16. Plaintiff counsel explained to Defense counsel that he believed that the motion for reconsideration should not be granted based on the applicable legal standards, but that if this Court disagreed, he was ready to file an amended complaint to make up for any perceived deficiencies in the Plaintiff's allegations. Plaintiff should not be penalized for attempting to defeat the motion for reconsideration first before filing an amended complaint, as Defendants now maintain without citing to any law for this novel

5

# ARGUMENT

## I. There Are No Manifest Errors of Law in the Court's Motion to Dismiss Decision

In reconsidering a non-final order under Rule 54(b), several district courts have concluded that the standard is the same as the standard courts apply in considering a motion to alter or amend a judgment under Rule 59(e). *See, e.g., Saccameno v. Ocwen Loan Servicing, LLC*, 2018 WL 1240347 at *2 (N.D. Ill. Mar. 9, 2018); *Katz–Crank v. Haskett*, 2014 WL 3507298 at *2 (S.D. Ind. July 14, 2014); *Morningware, Inc. v. Hearthware Home Products, Inc.*, 2011 WL 1376920 at *2 (N.D. Ill. April 12, 2011); *Bilek v. American Home Mortg. Servicing*, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

These same courts have emphasized that motions to reconsider "are 'viewed with disfavor,' and they are granted 'only in the *rarest of circumstances* and where there is a compelling reason.'" *Saccameno*, 2018 WL 124037 at *2 (quoting *United States v. Givens*, 2016 WL 6892868, at *2 (N.D. Ill. Nov. 23, 2016)) (emphasis added)). Indeed, motions to reconsider under Rule 54(b) "serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Bilek*, 2010 WL 3306912 at *1 (quoting *Oto*, 224 F.3d at 606). Finally, "a motion to reconsider is not an occasion to make new arguments." *Katz–Crank*, 2014 WL 3507298 at *2 (citing *In

---

proposition. Such an amendment to the pleadings is also favored under the liberal standard of Federal Rule of Civil Procedure 15, as discussed further below.

*re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011).

Reviewing Defendants' motion for reconsideration, Defendants concede that there are no manifest errors of law. Instead, they seek to do nothing less than use their motion as an opportunity to re-argue their case under *Oshkosh*, even though those same exact arguments were available to them from this Court's decision in *Albert v. Oshkosh Corp.*, 2021 WL 3932029 (E.D. Wis. Sept. 2, 2021), and provided to the Court in supplemental authority filings by Defendants in *CommonSpirit*, 37 F.4th 1160. ECF No. 32.[3] Defendants even cited on numerous occasions to the district decision in *Oshkosh* in their motion to dismiss briefing, including in their Supplemental Brief in light of *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022). *See* ECF No. 29, at 9. In other words, Defendants are simply making the exact same arguments they previously

---

[3] Defendants maintain that the Court did not have the pleading standards established by the Seventh Circuit's *Oshkosh* decision in front of it when it made its motion to dismiss decision. ECF No. 40, at 10. Not so. Defendants brought to the attention of this Court the Sixth Circuit's decision in *CommonSpirit* through a notice of supplemental authority before its motion to dismiss decision. ECF No. 32. Because *Oshkosh* relied for most of its legal conclusions on *CommonSpirit*, the Court had to opportunity to consider these very same legal points prior to its motion to dismiss decision in this case. *See Oshkosh Corp.*, 2022 WL 3714638, at *6 ("Although *Hughes* is still pending on remand in this court, the Sixth Circuit recently held that an ERISA plaintiff failed to state a duty of prudence claim where the complaint 'failed to allege that the [recordkeeping] fees were excessive relative to the services rendered.' . . . . The *Smith* court did not consider *Hughes* to have any bearing on the analysis of such claims, and neither do we.") (citing *CommonSpirit Health*, 37 F.4th at 1169). In short, *Oshkosh* does not represent an "intervening change in controlling authority." ECF No. 40, at 10, even if that were a basis for reconsideration (which it is not).

7

made and are asking the Court for a "re-do."

Moreover, the *Oshkosh* Court itself recognized that there were no errors or omissions in this Court's approach when it observed with regard to both its recordkeeping and investment management claims that "once again, the Sixth Circuit's decision in *Smith* reinforces that *Hughes* does not require a radically different approach to claims alleging excessive investment management fees." *Oshkosh Corp.*, 2022 WL 3714638, at *8. The exact same analysis this Court applied to its motion to dismiss decision still applies here after *Oshkosh*. In other words, the law surrounding claims alleging excessive fees, whether recordkeeping or investment management, is the same law that this Court applied to its decision on the motion to dismiss in this case. Plaintiff should not have to keep perpetually briefing Defendants' same arguments regarding the plausibility of their claims. The pleading stage has ended, and discovery should commence.

Finally, even if the Court should decide to reconsider this case in light of *Oshkosh*, the outcome should be the same with regard to Plaintiff's recordkeeping, managed account, and stable value fund claims.[4] First, with regard to the recordkeeper claim, though the court did find the allegations failed to meet the plausibility threshold in *Oshkosh*, it also stated that, "we emphasize that recordkeeping claims in a future case could survive the 'context-sensitive scrutiny of a complaint's allegations' courts perform on a motion to dismiss." *Oshkosh Corp.*, 2022 WL 3714638, at *6.

Here, Plaintiff *did* in fact make numerous allegations that provides the

---

[4] If the Court decided to apply the share class claim analysis of the 7th Circuit in *Oshkosh*, which it should not under the law of reconsideration, then Plaintiff would concede his share class claims based on net expense ratios would not be tenable.

8

Case 1:20-cv-01236-WCG   Filed 09/22/22   Page 8 of 15   Document 41

necessary context, and at a minimum, raises an inference that the recordkeeping fees charged by Transamerica to the Plan were excessive in relation to the services rendered. *Oshkosh*, 2022 WL 3714638, at \*6. Indeed, the Amended Complaint has the exact allegations involving the excessive nature of the fees in relation to the service provided that the Oshkosh complaint were missing. *See* ECF No. 14, ¶¶ 68 ("*The fees were also excessive relative to the RK&A services received*, when also compared with other comparable 401(k) and 403(b) Plans offered by other sponsors that had similar numbers of plan participants, and similar amounts of money under management.") (emphasis added); *id.*, ¶ 69 ("Defendants breached their duties owed to the Plan, to Plaintiff and all other Plan Participants, by: . . . (3) failing to monitor the RK&A fees paid by the plan to ensure that they were reasonable and, as a result, authorizing the plan to pay objectively unreasonable and excessive RK&A fees, *relative to the RK&A services received.*") (emphasis added); *id.* ¶ 72 ("Prudent Plan Fiduciaries ensure they are paying only reasonable fees for RK&A services by soliciting competitive bids from *other service providers to perform the same services* currently being provided to the Plan.") (emphasis added); *id.* ¶ 74 ("Having received bids, the prudent Plan Fiduciary can negotiate with its current provider for a lower fee and/or move to a new provider *to provide the same (or better) services for a competitive reasonable fee.*") (emphasis added); *id.* ¶¶ 87, 111; *id.*, ¶113 ("During the entirety of the Class Period and had Defendants engaged in any regular and/or reasonable examination and competitive comparison of the RK&A fees it paid to Transamerica, it would have realized and understood that the Plan was compensating Transamerica unreasonably and inappropriately for its size and scale,

9

passing these objectively unreasonable and excessive fee burdens to Plaintiff and the Plan Participants. *The fees were also excessive relative to the RK&A services received.*") (emphasis added).

These allegations plausibly establish, or at a minimum create a plausible inference that, the *same/similar recordkeeping services* provided to the Plan by Transamerica were available during the Class Period to ThedaCare at the *same level of service* by Transamerica itself and by other recordkeepers, including T. Rowe Price, Great-West, Prudential, Fidelity, Voya, and Vanguard. *Id.*, ¶ 101.

This is because through his allegations, taken as true, Plaintiff alleges that if ThedaCare had only looked into the "same recordkeeping services" at the "same level of services" from other recordkeepers, Plan participants would not have paid more than double what they should have for recordkeeper fees during the Class Period. *Id.*, ¶ 106.[5]

Having alleged a meaningful benchmark in the form of an apples-to-apples comparison, *see Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018),

---

[5] It should also be pointed out that the Seventh Circuit in *Oshkosh did not* conclude, as Defendants contend, that it "reaffirmed its 'reject[ion]' of 'the notion that a failure to regularly solicit quotes or competitive bids from service providers breaches the duty of prudence.'" ECF No. 40, at 6 (citing *Oshkosh*, 2022 WL 3714638, at *6). Rather, *Oshkosh* observed in this regard only that, "*Hughes* did not hold that fiduciaries are required to regularly solicit bids from service providers." *Oshkosh*, 2022 WL 3714638, at *6. It is at best unclear if that holding from *Divane v. Northwestern Univ.* is good law until that case is decided on remand from the Supreme Court by Seventh Circuit. *See Divane v. Northwestern Univ.*, 953 F.3d 980, 990-91 (7th Cir. 2020); *but see George v. Kraft Foods Glob., Inc.*, 641 F.3d 786, 798-99 (7th Cir. 2011) (holding that "a reasonable trier of fact could have credited [the expert's] opinions and concluded that defendants' failure to solicit bids was imprudent."); *Ramos v. Banner Health*, 461 F. Supp. 3d 1067, 1133 (D. Colo. 2020) (finding a breach of fiduciary duty where the fiduciary had "not undertaken a single RFP in nearly 20 years, despite the recognized utility of an RFP for assessing reasonableness of fees.")

10

through a contextualized analysis of the relevant recordkeeping market at the pertinent time, *see Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014), Plaintiff has met the legal standard established by the court in *Oshkosh*. Therefore, Plaintiff's recordkeeping claim should survive Defendants' motion to reconsider the motion to dismiss because these allegations provide "'the kind of context that . . . move this claim from possibility to plausibility' under *Twombly* and *Iqbal*." *See Oshkosh*, 2022 WL 3714638, at *6. Similarly, because Plaintiff's failure to monitor claim in Counts IV, V, and VI are wholly derivative of Plaintiff's breach of prudence claims (Counts I, II, and III), those claims should survive the motion to dismiss as well.

Second, *Oshkosh* does not even involve managed account claims and stable value claims. Yet, the Defendants argue that "[t[he Court also should dismiss Mr. Glick's claim relating to the Plan's actively managed stable value product, which is just another iteration of the contention that ThedaCare could have selected a less-expensive alternative. The same reasoning applies to Mr. Glick's claim premised on the Plan's managed account services." EFC No. 40, at 8.

Applying the *Oshkosh* standard, however, Plaintiff has in fact provided the necessary context for these claims to move them from possibility to plausibility given the numerous factual allegations concerning the excessive fees charged by the managed account service and by the stable value fund. *See* ECF No. 14, ¶¶ 196-208; 209-240. More specifically, because has alleged bases for comparison for both of these claims, *see id.*, ¶ 196 (comparing stable value fund to identical product); ¶ 224 (comparing managed account service to five other managed account services for materially identical managed account services). "Although Defendants dispute

11

whether the alternative services are appropriate comparisons, at this stage, Plaintiff has asserted allegations from which it can be inferred that Defendants followed an imprudent process in selecting Transamerica to provide managed account services." ECF No. 33, at 15. *Oshkosh* in no way changes this legal conclusion.

For these reasons, Defendants have not shown there exists manifest errors of law in the Court's motion to dismiss decision, and the motion for reconsideration should be denied.

## II. There Are No Manifest Errors of Fact, or Newly-Discovered Evidence, That Impacts the Court's Motion to Dismiss Decision

Not surprisingly, Defendants do not even suggest that there are manifest errors of fact or newly-discovered evidence impacting the Court's motion to dismiss decision. Nor could they. "Newly discovered evidence" is evidence "not available at the time of briefing." *Katz–Crank*, 2014 WL 3507298 at *2. Defendants do not, and cannot, point to any such evidence or that this Court made manifest errors of fact in its decision.

Despite spending twelve pages asking the Court to reconsider its motion to dismiss ruling, Defendants have not argued that any of their evidence is "newly discovered." *See Ahnert v. Emps. Ins. Co. of Wausau*, 2018 WL 2048379, at *4 (E.D. Wis. May 2, 2018). Rather, Defendants have pointed to a new decision from the Seventh Circuit, which by its own terms does not represent a change in the law surrounding ERISA claims alleging excessive fees.

As such, Defendants have also not shown there exists manifest errors of fact or newly-discovered evidence that undermines the Court's motion to dismiss decision. The motion for reconsider should be denied on this basis as well.

12

III. **In The Event The Court Grants Defendants' Motion For Reconsideration And Grants Defendants' Motion To Dismiss, Plaintiff Should Be Permitted to Amend His Complaint**

Plaintiff believes that the motion for reconsideration standards under Rule 54(b) and the law of the case doctrine identified by courts in this Circuit clearly establish that Defendants have not come close to satisfying their high burden to have this Court re-visit its previous motion to dismiss decision. It is simply not enough that Defendants have the normal "disappointment of the losing party." *Bilek*, 2010 WL 3306912 at *1. They have failed to show that this Court engaged in a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

However, and to the extent that Court permits reconsideration and grants Defendants' motion to dismiss based on *Oshkosh*, Plaintiff should be afforded the opportunity to file an amended complaint to respond to the *Oshkosh* court's desire for further contextualization of his claims.

As an initial matter, and as this Court has recognized under Federal Rule of Civil Procedure 15, "[g]enerally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. Leave to amend should be 'freely given,' absent considerations such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Nohara v. Prevea Clinic Inc.*, 2022 WL 1504925, at *1 (E.D. Wis. May 12, 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because none of these considerations apply, nor do Defendants argue that any of these exceptions apply, the Court should freely give Plaintiff the opportunity to amend.

13

Furthermore, such an amendment would not be futile, as Plaintiff has pleaded a number of additional, non-conclusory allegations in substantially similar ERISA fee complaints filed in this same court. *See Guyes v. Nestle USA Inc. et al.*, Case No. 1:20-cv-01560-WCG, Second Amended Complaint, ECF No. 32-1 (E.D. Wis. August 31, 2022); *Cotter v. Matthews Int'l Corp.*, Case No. 1:20-cv-01054, Second Amended Complaint, ECF No. 41 (E.D. Wis. Aug. 31, 2022). Plaintiff, if given leave to amend, would similarly provide additional allegations to support his duty of prudence claims.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Reconsideration, or in the alternative, permit Plaintiff the opportunity to amend his Amended Complaint with additional, contextual allegations.

Dated this 22nd day of September, 2022     Respectfully submitted,

                                           WALCHESKE & LUZI, LLC
                                           Counsel for Plaintiffs

                                           *s/ Paul M. Secunda*
                                           James A. Walcheske
                                           Scott S. Luzi
                                           Paul M. Secunda

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Paul M. Secunda
Paul M. Secunda

15

Case 1:20-cv-01236-WCG   Filed 09/22/22   Page 15 of 15   Document 41