UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH B. GLICK, individually and as
representative of a class of participants
and beneficiaries of the ThedaCare
Retirement and 403(b) Savings Plan,

           Plaintiff,

    v.                                              Case No. 20-C-1236

THEDACARE, INC., et al.,

           Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

On July 20, 2023, Magistrate Judge Stephen C. Dries recommended that I partially deny Defendants' motion to dismiss Plaintiff's second amended complaint. In particular, the Magistrate Judge recommended that the court grant the motion as it relates to Plaintiff's managed account service fees and investment management fees claims and deny the motion as it relates to Plaintiff's recordkeeping and administrative service fees claim. Defendants filed objections to the Report and Recommendation on August 2, 2023. After careful consideration of the Report and Recommendation, Defendants' objections, and the record as a whole, the court adopts the Report and Recommendation of the Magistrate Judge in its entirety. Plaintiff did not object to the Magistrate Judge's recommended dismissal of his managed account service fees and investment management fees claims; therefore, the court dismisses those claims.

With respect to Plaintiff's RKA fees claim, in recommending that the motion to dismiss be denied on this basis, the Magistrate Judge acknowledged that it was a close case. He raised concerns about where Plaintiff came up with some of his numbers regarding the RKA fees paid by

the ThedaCare plan and Plaintiff's fee calculations. But the court agrees that the difference in the RKA fees paid by the comparator plans and the ThedaCare plan is significant enough that it supports an inference, however slight, that the plan participants did not receive services justifying the high RKA fees they paid. Accordingly, Plaintiff has stated a claim, at least at this stage, for breach of the duty of prudence. And because Plaintiff's breach of the duty to monitor claim is derivative of the breach of fiduciary duty claim, Plaintiff may also pursue his recordkeeping fees duty-to-monitor claim.

**IT IS THEREFORE ORDERED** that Magistrate Judge Dries' Report and Recommendation (Dkt. No. 72) is **ADOPTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report and Recommendation, Defendants' motion to dismiss Plaintiff's second amended complaint (Dkt. No. 50) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to Plaintiff's managed account service fees claims (Counts II and V) and his investment fee claims (Counts III and VI) but denied with respect to his recordkeeping fees claims (Counts I and IV).

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a supplemental brief in support of their objections (Dkt. No. 75) are **GRANTED**. The clerk is directed to detach and e-file Defendant's supplemental brief (Dkt. No. 75-1).

The Clerk is directed to set the matter on the court's calendar for a Rule 16 telephonic scheduling conference.

Dated at Green Bay, Wisconsin this 22nd day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge